Matter of Damesek v City of New York (2019 NY Slip Op 03301)





Matter of Damesek v City of New York


2019 NY Slip Op 03301


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Renwick, J.P., Richter, Gesmer, Kern, Singh, JJ.


9153 101230/16

[*1]In re Randi Damesek, Petitioner-Appellant,
v
City of New York, et al., Respondents-Respondents.


Rutkin & Wolf PLLC, White Plains (Jason M. Wolf of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Aaron M. Bloom of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Manuel J. Mendez, J.), entered February 1, 2018, which denied the petition challenging respondents' determination, dated April 18, 2016, upholding petitioner's unsatisfactory annual performance review rating for the 2012-2013 school year, and granted respondents' cross motion to dismiss the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner has failed to show that the U-rating was arbitrary and capricious, or made in bad faith (see Matter of Murnane v Department of Educ. of the City of N.Y., 82 AD3d 576 [1st Dept 2011]). The record establishes a rational basis for the determination to uphold petitioner's U-rating, which was based on insubordination and unprofessional conduct during the 2012-2013 school year. A February 2013 letter to petitioner's personnel file stated that petitioner, who was an assistant principal, was "rude" and "resistant" to the hiring of a new assistant principal and allowed colleagues to "bad mouth" the principal, thus undermining her authority. A March 2013 letter stated that an encounter with a student who petitioner knew had been hospitalized due to a depressive disorder had left the student highly distressed. Furthermore, a June 2013 letter detailed petitioner's "improper escalation of internal school issues," including sending emails regarding internal matters to multiple recipients outside of the school, and continuously criticizing the principal's decisions.
Contrary to petitioner's argument, the record does not demonstrate procedural deficiencies in the performance review process resulting in the U-rating that undermined the integrity or fairness of the process (see Matter of Francois v Walcott, 136 AD3d 434 [1st Dept 2016]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK